UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | BK Case No. 21-02410 |
| Buhler-Freeman Management, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Judge Charles M. Walker |
| ) | |

**RESPONSE AND OBJECTION OF PSB CREDIT SERVICES, INC.
TO APPROVAL OF DISCLOSURE STATEMENT AND TO CONFIRMATION OF
CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 10, 2021**

The secured creditor PSB Credit Services, Inc., by and through its undersigned attorney, objects to the approval of the Disclosure Statement [Doc. 7] and to the confirmation of the Chapter 11 Plan [Doc. 6] of the debtor Buhler-Freeman Management, LLC (the "Debtor"), and in support of its objection states the following:

1. PSB Credit Services, Inc. ("PSB") is the principal secured creditor of the Debtor. The Debtor is obligated to PSB for debt previously evidenced by two promissory notes and consolidated into a single obligation in accordance with the First Amended Plan of Reorganization of the Debtor, confirmed by the United States Bankruptcy Court for the Middle District of Tennessee in Bankruptcy Case No. 13-09260 on August 19, 2014. As of August 26, 2021, the outstanding balance of the Debtor's obligation to PSB was $906,708.29.

2. The debt payable to PSB is secured by the commercial real estate and improvements of the Debtor generally located at 2739 Old Elm Pike, Nashville, Tennessee ("the Property"), and more specifically described in that certain Deed of Trust given by Debtor dated April 6, 2005, recorded April 8, 2005, as instrument number 20050408-0038868 in the Register's Office for Davidson County, Tennessee, as modified by a Mortgage Modification and Cross-

1

47462469v1

Case 3:21-bk-02410    Doc 26    Filed 09/13/21    Entered 09/13/21 11:29:42    Desc Main
Document    Page 1 of 8

Collateralization Agreement recorded at Instrument No. 20110425-031544 in the Register's Office for Davidson County, Tennessee, and that certain Deed of Trust given by the Debtor dated April 6, 2005, recorded April 8, 2005, as instrument number 20050408-0038869 in the Register's Office for Davidson County, Tennessee (collectively, the "DOT"). The DOT has been assigned to PSB, which is the current holder of record.

3. The most recent non-bankruptcy modification of the obligation owed by Debtor to PSB was made in accordance with an Agreement dated February 9, 2016, by and among PSB's predecessor-in-interest, the Debtor, and the Debtor's principal and personal guarantor of the obligation, Julie Buhler-Freeman, as extended by an Allonge dated October 29, 2018. Among other terms, the Agreement provides that the obligation: (i) as extended by the Allonge, matured and became fully payable on December 31, 2018, and (ii) bears interest at six and one-fourth percent (6.25%). Prior to the two-month extension afforded by the Allonge, which allowed interest-only payments for those two months, the Agreement required monthly payments of principal and interest in the amount of $6,301.50 each.

4. According to agents of PSB, the Property is unoccupied and is in need of repair and maintenance.

5. On October 29, 2019, the Debtor filed a Chapter 11 bankruptcy case in this Court, Case No. 19-07025 (the "2019 Case"). The Debtor's plan of reorganization in the 2019 Case was confirmed by this Court on June 10, 2020 (the "Confirmed Plan"). In accordance with the Confirmed Plan, the Debtor was allowed one year to sell the Property, and if it was not sold within one year of the effective date of the Confirmed Plan, the Debtor would surrender the Property. The 2019 Case was dismissed without Debtor's opposition on June 15, 2021. By July 15, 2021, the deadline imposed by the Confirmed Plan had expired, but Debtor neither sold the Property nor

surrendered the Property to PSB. Instead, immediately prior to the foreclosure sale of the Property by PSB, the Debtor filed the current bankruptcy case on August 8, 2021.

7. PSB makes the following objections to the approval of the Disclosure Statement [Doc. 7] and to the confirmation of the Debtor's Chapter 11 Plan [Doc. 6] filed in the current case (the "Proposed Plan"):

a. <u>Bad Faith</u>. The Proposed Plan was not filed in good faith, as required by 11 U.S.C. § 1129(a)(3). In addition to the current bankruptcy having been filed one day prior to the foreclosure sale of the Property, the Proposed Plan makes no consideration of the Confirmed Plan and entirely ignores the 2019 Case. Having had more than one year to sell the Property under the Confirmed Plan, which was a liquidating plan and provided for no interim payments to the Property's secured creditor PSB, the Debtor proposes a plan under which the Property is not liquidated or surrendered, and instead the debt is proposed to be restructured under fanciful circumstances and unreasonable terms. Several features in the Proposed Plan demonstrate that Debtor did not seriously consider its terms or propose the Proposed Plan in good faith. The Proposed Plan: (i) understates PSB's claim by more than $144,000, (ii) proposes an effective date of April 1, 2022, eight months after the current case was filed, and (iii) mischaracterizes the proposed payment to PSB of $4,652.47[1] as "contractual," whereas the most recent principal and interest payment required under the parties' contract governing the subject obligation is a monthly payment of $6,301.50. These glaring provisions alone make clear the Proposed Plan was not proposed in good faith as required by 11 U.S.C. § 1129(a)(3). As discussed below, the additional substantive terms of the Proposed Plan make it further ineligible for confirmation.

---

[1] Even at the proposed, objectionable interest rate of 3.5%, the proposed monthly payment results in repayment period of between twenty-five and twenty-six years. Given an interest rate of 2% in excess of the prime rate, which is more consistent with applicable bankruptcy law, the proposed monthly payment results in a repayment period of forty-two years.

3

47462469v1

b. <u>Insufficient Disclosure</u>. The Debtor's only asset is the Property. The Property became a liability in 2018 when the only tenant ceased business operations. The Debtor fails to disclose how it will service the PSB debt without a tenant on the Property. The Debtor has no income currently to pay the PSB debt. The Debtor provides no basis for its assertion that the Property will generate rent sufficient to service the PSB debt, much less any basis for the rental figure of $12,500.00. From its schedules filed in the current case, the Debtor has no ongoing business or employees. The Debtor shows in the Disclosure Statement that its financial history consists of no income.

c. <u>PSB Not Given the Value of Its Claim</u>. Section 1129(b)(1) of the Bankruptcy Code provides that before claims of a dissenting class of secured creditors may be "crammed down" by confirmation of a reorganization plan, the court must determine that the plan "does not discriminate unfairly, and is fair and equitable." 11 U.S.C. § 1129(b)(1). The *fair and equitable standard* includes, but is not limited to, the requirement under 11 U.S.C. § 1129(b)(2) that the creditor receive the full value of its claim. This includes the requirement that Debtor pay a current market rate of interest. *In re Memphis Partners, LP*, 99 B.R. 385, 386 (Bankr. M.D. Tenn. 1989), citing *Memphis Bank and Trust Company v. Whitman*, 692 F.2d 427, 431 (6th Cir.1982). Here, the Proposed Plan terms deprive PSB of a rate of interest consistent with the market for bankrupt debtors and stretch the repayment term out over twenty-five years or more. These terms are objectionably unfair and would deprive PSB of receiving the present value of its secured claim as required by the Bankruptcy Code.

d. <u>Not in Best Interest of Creditors</u>. To be confirmed, a plan must pass the *best interest of creditors test* embodied by 11 U.S.C. §1129(a)(7). *See, In re Apple Tree Partners, LP*, 131 BR 380, 393-94 (Bankr. W.D. Tenn, 1991). The Property has been without a tenant for three years and

4

47462469v1
Case 3:21-bk-02410    Doc 26    Filed 09/13/21    Entered 09/13/21 11:29:42    Desc Main
Document    Page 4 of 8

Debtor was unable to sell the Property during the one-year term of the Confirmed Plan. PSB believes the Debtor overstates the value of the Property and the Property provides a thin margin of equity over the current balance of the obligation owed to PSB. If confirmed, the Proposed Plan would leave PSB without payments until after April, 2022[2], even assuming for purposes of argument that after three years of vacancy the Debtor could by then secure a tenant. PSB's claim, and the outstanding real estate taxes enjoying priority over the PSB DOT[3], would increase during this time, consuming any collateral cushion. Under the scenario created by the Proposed Plan, PSB is decidedly not receiving property of a value not less than PSB would receive in a Chapter 7 liquidation, as required by 11 U.S.C. §1129(a)(7)(A).

  e. <u>Inability to Make Plan Payments; Feasibility</u>. 11 U.S.C. § 1129(a)(11) provides that a court shall confirm a plan if: "Confirmation of the plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the debtor . . ." 11 U.S.C. § 1129(a)(11). "The purpose of this section of the Code is to prevent confirmation of visionary schemes which promise creditors more under a proposed plan than that which the debtor could possibly attain after confirmation." *In re Crosscreek Apts.*, 213 B.R. 521, 539 (Bankr. E.D. Tenn. 1997). "Although § 1129(a)(11) does not require a plan's success to be guaranteed . . . the plan must nevertheless propose 'a realistic and workable framework'." *In re Am. Capital Equip.*, 688 F.3d 145, 156 (3rd Cir. 2012), citing *Hurricane Memphis*, 405 B.R. 616, 624 (Bankr. W.D. Tenn.2009), *In re Brice Road Devs.*, 392 B.R. 274, 283 (B.A.P. 6th Cir.2008)). The plan must be reasonably likely to succeed without further need of reorganization. *Am. Capital Equip.*, 688 F.3d at 156, citing *In re Quigley Co., Inc.*, 437 B.R. 102, 142 (Bankr.S.D.N.Y.2010) (plan was not feasible where funding

---

[2] This would be roughly three years after the last payment Debtor made on the PSB claim.
[3] Real property taxes are owing for the years 2017, 2018, 2019 and 2020. According to the City of Nashville Office of the Metropolitan Trustee, the aggregate balance due for the Property is $74,856.14.

5

47462469v1
Case 3:21-bk-02410   Doc 26   Filed 09/13/21   Entered 09/13/21 11:29:42   Desc Main
Document     Page 5 of 8

source was "speculative at best and visionary at worst"). The Proposed Plan is fanciful and ignores the demonstrated history of the Property and the Debtor. As Debtor admits in its Disclosure Statement, the Property has been vacant for over three years [Doc. 7, p. 6]. Nonetheless, Debtor asserts that in the spring of 2022 the Debtor "should generate $12,500.00 in rent." The Debtor offers no basis for the assertion, and the history of the Property tangibly belies it. *See, Apple Tree Partners*, 131 BR at 394-95.[4] Furthermore, even if the Property generated $12,500.00 in rent, it would be wholly insufficient to operate the Property and fund the Proposed Plan. As discussed above, the proposed monthly payment to PSB in the amount of $4,652.47 is thousands of dollars lower than could be confirmed in accordance with the Bankruptcy Code. Even at the figures stated in the Proposed Plan for PSB and other creditors, the $12,500.00 per month would leave less than $200 for ongoing property costs. PSB should not be forced to wait out another eight months or longer on the prospect of repayment based upon Debtor's overly optimistic proposal to obtain a paying tenant and fund the operation of the Property and the Proposed Plan on a shoestring budget. The Proposed Plan does not suggest a contingency should the rent not materialize or prove insufficient in amount. The Proposed Plan is not feasible and Debtor has not demonstrated that it can fund the Proposed Plan, and therefore the Proposed Plan should be denied confirmation.

The Proposed Plan should be denied confirmation because it was not proposed by the Debtor in good faith, as required by Bankruptcy Code § 1129(a)(3). The Proposed Plan should also be denied confirmation because it fails to afford PSB the value of its secured claim as of the effective date of the Proposed Plan, as required by Bankruptcy Code § 1129(b). The Proposed Plan

---

[4] "This debtor has failed to meet its prior projections and its hopes for success are based upon all things working favorably for the debtor . . . [h]istorically and economically, there is insufficient foundation for the debtor's assertion that it can meet its plan projections and payments. The Court more easily could accept the debtor's optimistic projections if the debtor was injecting significant new capital, if the debtor was assuming some of the risks of failure and/or if this was a shorter term negative amortization plan. But the risks all fall upon the creditor..." *In re Apple Tree Partners*, 131 BR at 394-95.

fails the best interest of creditors test imposed by Bankruptcy Code § 1129(a)(7)(A), and should therefore be denied confirmation. Finally, the Proposed Plan should be denied confirmation because it is not feasible and the Debtor is not likely to be able to make the payments required by the Proposed Plan and otherwise comply with the Proposed Plan, as required by Bankruptcy Code § 1129(a)(11).

WHEREFORE, the secured creditor PSB objects to the confirmation of the Proposed Plan for the reasons described above; requests that the Proposed Plan be denied confirmation; and requests such other relief that is just and equitable.

Dated: September 13, 2021

Respectfully submitted,

*/s/J. Phillip Jones*
J. Phillip Jones, #10508
1800 Hayes Street
Nashville, TN 37203
(615- 254-4430
phillip@phillipjoneslaw.com


*/s/Edward D. Russell*
Edward D. Russell, #26126
The SR Law Group
PO Box 128
Mount Juliet, Tennessee 37121
(615) 559-3190
erussell@thesrlawgroup.com

47462469v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2021, the foregoing Response and Objection of PSB Credit Services, Inc. to Approval of Disclosure Statement and to Confirmation of Chapter 11 Plan of Reorganization dated August 10, 2021 was served by U.S. Mail postage prepaid, to the Debtor, Buhler-Freeman Management, LLC, 105 McGavock Pike, Nashville, TN 37214; Julie Buhler, 105 McGavock Pike, Nashville, TN 37214; TN Dept. of Revenue, c/o TN Attorney General Bankruptcy Unit, PO Box 20207, Nashville, TN 37202; TN Dept. of Labor & Workforce Development, 220 French Landing Dr., Nashville, TN 37243; Internal Revenue Service, Centralized Insolvency OPRTN, PO Box 7346, Philadelphia, PA 19101- 7346; Watson Law Group, PO Box 121950, Nashville, TN 37212; Metro Government Trustee, c/o Dept. of Law, PO Box 196300, Nashville, TN 37219; Regions Bank, Attn: Bankruptcy Dept., PO Box 11007, Birmingham, AL 35288-8800; TN Dept. of Revenue, 500 Deaderick St., Nashville, TN 37242; and electronically by operation of the Court's electronic case filing system on Lefkovitz and Lefkovitz, PLLC, 618 Church St., Suite 410, Nashville, TN 37219, all other parties of record to receive notice electronically via the United States Bankruptcy Court's CM/ECF system, and the United States Trustee.

> */s/Edward D. Russell*
> Edward D. Russell